UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE S. COOPER, | No. 2:22-cv-0442 KJN P |
| Plaintiff, | |
| v. | ORDER |
| THE CITY OF ELK GROVE, CA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged

2

constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff sues the City of Elk Grove, three detectives with the City of Elk Grove, and the Warden of California State Prison, Jeff Lynch.  In his first claim, plaintiff challenges his December 3, 2012 warrantless arrest, claiming false arrest, illegal search and seizure, malicious prosecution, false imprisonment, cruel and unusual punishment, and attempted murder (through the forced contraction of COVID-19).  In his second claim, plaintiff claims that on October 10, 2013, his due process rights were violated during the pretrial motion in state court criminal proceedings, and again claiming prolonged false imprisonment.  (ECF No. 1 at 4.)  In his third claim, plaintiff alleges that as a direct result of the "grossly reckless manner" in which COVID-19 was treated, Jeff Lynch, CDCR, and the California State Prison, Sacramento, along with staff were deliberately indifferent to the well being of the inmate population and, as a result, plaintiff contracted COVID-19.  Plaintiff seeks the appointment of counsel and money damages.

Discussion

    Heck v. Humphrey Bars Claims One & Two

Federal law provides two main avenues to relief on complaints related to imprisonment: (1) a petition for habeas corpus, 28 U.S.C. § 2254; and (2) a complaint under Section 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id. (internal citation omitted).  Habeas is the exclusive vehicle for claims brought by state prisoners

that fall within the core of habeas. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). A Section 1983 action challenging a conviction or sentence does not accrue and cannot be pursued until the underlying conviction or sentence is invalidated. Rosales-Martinez v. Palmer, 753 F.3d 890, 896 (9th Cir. 2014).

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [1] reversed on direct appeal, [2] expunged by executive order, [3] declared invalid by a state tribunal authorized to make such determination, or [4] called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87 (footnote omitted). The "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of his [or her] conviction." Whitaker v. Garcetti, 486 F.3d 572, 584 (9th Cir. 2007). "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487. However, if the district court determines that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Here, plaintiff alleges that defendants violated his constitutional rights by attaching a warrantless GPS device to plaintiff's vehicle while on private property, wrongfully arresting him (due to lack of probable cause), later obtaining a fraudulent warrant, and, during a pretrial motion, the state court judge denied the motion to suppress the fraudulent warrant, resulting in plaintiff's conviction. Such claims challenging the validity of plaintiff's arrest and trial call into question the validity of plaintiff's underlying conviction, and therefore are barred by Heck. "There is no question that Heck bars [plaintiff]'s claims that defendants lacked probable cause to arrest him and brought unfounded charges against him. [Plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus." Smithart v. Towery, 79 F.3d 951, 952

4

(9th Cir. 1996) (internal citations omitted); see also Bender v. Los Angeles Cty. Sheriff's Dep't, 2021 WL 3261964, at *5 (C.D. Cal. Apr. 6, 2021) (dismissing as Heck-barred claims that defendants violated Bender's "constitutional rights by: wrongfully arresting him (due to lack of probable cause, discrimination, or retaliation), planting drugs on him, . . . giving false testimony regarding the arrest, and conspiring to do the foregoing."); Goldsby v. Kaschmitter, 2016 WL 1367737 (D. Id. Apr. 6, 2016) (collecting civil rights cases where "the courts determined that equal protection claims arising from instances of alleged racial profiling (whether true or not) impermissibly implicated a state court's criminal conviction and sentence," and therefore "unless the conviction has been somehow invalidated, a habeas corpus action is the only avenue to pursue claims for alleged constitutional violations").

For these reasons, plaintiff's first two claims should be brought, if at all, pursuant to a habeas petition, not a Section 1983 civil rights lawsuit. Unless and until plaintiff can demonstrate that his underlying sentence or conviction has been overturned, such claims are Heck-barred. In other words, plaintiff may not bring such claims unless he can allege facts to show that his underlying criminal sentence or conviction has been reversed or declared invalid.[1] Plaintiff should not include such claims in any amended complaint unless he can so demonstrate.

Third Claim

The court finds the allegations in plaintiff's third claim so vague and conclusory that it is unable to determine whether the claim is frivolous or fails to state a claim for relief. The court determines that the claim does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

////

---

[1] Court records confirm that plaintiff previously filed a habeas petition raising some of these issues, and the petition was denied on the merits. Cooper v. Baughman, No. 2:16-cv-3039 DB (E.D. Cal. July 23, 2020).

To the extent plaintiff attempts to raise an Eighth Amendment claim based on deliberate indifference to plaintiff's serious medical needs, plaintiff failed to allege facts supporting the elements required to do so. The standards governing an Eighth Amendment claim based on medical care are as follows:

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications that a prisoner has a serious medical need for treatment include the "'existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d at 1131 (quoting McGuckin, 974 F.2d at 1059-60).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer, 511 U.S. at 836-37 & n.5 (citations omitted).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing

Estelle, 429 U.S. at 104-05). A difference of opinion between an inmate and prison medical personnel -- or between medical professionals -- regarding the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Leave to Amend

Because plaintiff's first two claims are barred by Heck, and he failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) as to his third claim, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

1 | and the involvement of each defendant must be sufficiently alleged.

2 | In accordance with the above, IT IS HEREBY ORDERED that:

3 | 1. Plaintiff's complaint is dismissed.

4 | 2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

6 | a. The completed Notice of Amendment; and

7 | b. An original of the Amended Complaint.

8 | Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

11 | Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 6, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/coop0442.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE S. COOPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF ELK GROVE, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-0442 KJN P<br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____　　　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff